## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

KEYONIA EDWARDS,

    Plaintiff,

v.

INTEGRITY FINANCIAL PARTNERS, INC., a Kansas corporation,

    Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff, Keyonia Edwards, is a natural person.

8. The Plaintiff resides in the City of Aurora, County of Arapahoe, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Defendant, Integrity Financial Partners, Inc., is a Kansas corporation operating from an address at 4370 W. 109th Street, Suite 100, Overland Park, Kansas, 66211.

11. The Defendant's registered agent in the state of Colorado is Colorado Manager, Inc., located at 13821 Muirfield Circle, Broomfield, Colorado, 80023 and 80 Garden Center, Suite 3, Broomfield, Colorado, 80020.

12. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. The Defendant is licensed as a collection agency by the state of Colorado.

14. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

15. The Defendant regularly attempts to collect debts alleged to be due another.

## **FACTUAL ALLEGATIONS**

16. Sometime before 2009 the Plaintiff allegedly incurred financial obligations that were primarily for personal, family or household purposes namely amounts due and owing on personal accounts (hereinafter the "Accounts").

17. The Accounts are each a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. The Accounts went into default with the original creditor(s).

19. After the Accounts went into default the Accounts were placed or otherwise transferred to the Defendant for collection.

20. The Plaintiff disputes the Accounts.

21. The Plaintiff requests that the Defendant cease all further communication on the Accounts.

22. In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant made telephone call(s) to the Plaintiff and left voicemail message(s) for the Plaintiff.

23. In the year prior to the filing of the instant action the Plaintiff called the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant in response to the telephone call(s) and voicemail message(s).

24. The Defendant's purpose for these telephone call(s) and voicemail message(s) was to attempt to collect the Accounts.

25. The telephone call(s) and voicemail message(s) conveyed information regarding the Accounts directly or indirectly to the Plaintiff.

26. The telephone call(s) and voicemail message(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

27. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant made telephone call(s) to the Plaintiff was to attempt to collect the Accounts.

28. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Accounts.

29. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant received telephone call(s) from the Plaintiff was to attempt to collect the Accounts.

30. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant left voicemail message(s) for the Plaintiff was to attempt to collect the Accounts.

31. During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Accounts represented to the Plaintiff that if she did not want to go to Court or have a lawsuit filed against her that she needed to pay about $1,200.00 a month to prevent getting sued.

32. The representation stated in paragraph 31 was false and was a false representation in connection with the collection of a debt, the Accounts.

33. During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Accounts represented to the Plaintiff that 25% of her wages would be garnished.

34. The representation stated in paragraph 33 was false and was a false representation in connection with the collection of a debt, the Accounts.

35. During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Accounts represented to the Plaintiff that the Accounts would stay on the credit reports until they were paid and that there will be no changes to her credit report until the Accounts are paid.

36. The representations stated in paragraph 35 were false and were false representations in connection with the collection of a debt, the Accounts.

37. During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Accounts represented to the Plaintiff that she needed a reason to dispute the Accounts and that her dispute of the Accounts needed to be valid.

38. The representations stated in paragraph 37 were false and were false representations in connection with the collection of a debt, the Accounts.

39. During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Accounts represented to the Plaintiff that she was in prelitigation on the Accounts and that she could either take care of the Accounts or they go to the Attorney's office of Berman and Rabin.

40. The representations stated in paragraph 39 were false and were false representations in connection with the collection of a debt, the Accounts.

41. The Defendant recorded its telephone calls with the Plaintiff.

42. The Defendant has copies of the recordings of the telephone calls with the Plaintiff.

43. The Defendant kept written documentation and / or computer record(s) that document telephone call(s) to the Plaintiff on the Account and telephone call(s) from the Plaintiff to the Defendant on the Account in the year prior to the filing of the instant action.

44. The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute harassment or abuse and therefore violate FDCPA 1692d preface.

45. The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute false and misleading representations and means and violate FDCPA 1692e preface, e(2)(A), e(4), e(5), e(8) and e(10).

46. The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

47. The Defendant's statement(s) and action(s) as well as that of its representative(s), employee(s) and / or agent(s) were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debt.

48. As a consequence of the Defendant's collection activities and communications, the Plaintiff has sustained actual damages.

## **RESPONDEAT SUPERIOR**

49. The representative(s) and / or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

50. The representative(s) and / or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

51. The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

52. The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

53. The representative(s) and / or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

54. The representative(s) and / or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

55. The action(s) of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

56. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## **COUNT I, FDCPA VIOLATIONS**

57. The previous paragraphs are incorporated into this Count as if set forth in full.

58. The acts and omissions of the Defendant and its representative(s), employee(s) and / or agent(s) constitute violations of the FDCPA, including but not limited to § 1692d preface, § 1692e preface, e(2)(A), e(4), e(5), e(8), e(10) and § 1692f preface.

59. Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    _s/ David M. Larson_____
    David M. Larson, Esq.
    405 S. Cascade Avenue, Suite 305
    Colorado Springs, CO 80903
    (719) 473-0006
    Attorney for the Plaintiff