## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 10-CV-01763-PAB-MEH

KEYONIA EDWARDS,

     Plaintiff,

v.

INTEGRITY FINANCIAL PARTNERS, INC., a Kansas corporation,

     Defendant.

---

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

---

COMES NOW Defendant Integrity Financial Partners, Inc., (hereinafter "Integrity") by and through its undersigned counsel, and for its Answer to Plaintiff's Complaint states the following:

### JURISDICTION

1.     Integrity admits that generally, jurisdiction of this Court is appropriate pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), but denies that Plaintiff has any right to relief herein.

2.     Integrity admits that Plaintiff has alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), but Integrity denies that any such violation(s) has occurred, as alleged in Paragraph 2 of Plaintiff's Complaint.

### VENUE

3.     Integrity makes no objection to venue as alleged in Paragraph 3 of Plaintiff's Complaint.

4.     Integrity lacks sufficient knowledge to admit or deny the allegations in Paragraph 5 of Plaintiff's Complaint, and therefore, denies the same for the present time.

5.     Integrity lacks sufficient knowledge to admit or deny the allegations in Paragraph 5 of Plaintiff's Complaint, and therefore, denies the same for the present time.

6.     Integrity admits the allegations in Paragraph 6 of Plaintiff's Complaint.

**PARTIES**

7.     Integrity admits the allegations in Paragraph 7 of Plaintiff's Complaint.

8.     Integrity lacks sufficient knowledge to admit or deny the allegations in Paragraph 8 of Plaintiff's Complaint, and therefore, denies the same for the present time.

9.     Integrity lacks sufficient knowledge to admit or deny the allegations in Paragraph 9 of Plaintiff's Complaint, and therefore, denies the same for the present time.

10.    Integrity admits the allegations in Paragraph 10 of Plaintiff's Complaint.

11.    Integrity admits the allegations in Paragraph 11 of Plaintiff's Complaint.

12.    Integrity admits the allegations in Paragraph 12 of Plaintiff's Complaint.

13.    Integrity admits the allegations in Paragraph 13 of Plaintiff's Complaint.

14.    Integrity admits the allegations in Paragraph 14 of Plaintiff's Complaint.

15.    Integrity admits the allegations in Paragraph 15 of Plaintiff's Complaint.

**ALLEGATIONS**

16.    Integrity admits the allegations in Paragraph 16 of Plaintiff's Complaint to the extent that such financial obligation was incurred within the past ten (10) years.

17.    Integrity admits the allegations in Paragraph 17 of Plaintiff's Complaint.

18.    Integrity admits the allegations in Paragraph 18 of Plaintiff's Complaint.

19.    Integrity admits the allegations in Paragraph 19 of Plaintiff's Complaint.

20.     Integrity lacks sufficient knowledge to admit or deny the allegations in Paragraph 20 of Plaintiff's Complaint, and therefore, denies the same for the present time.

21.     Paragraph 21 of Plaintiff's Complaint states a present tense request of Defendant, to which no response by Integrity is required.  To the extent that a response is required, Integrity admits that Paragraph 21 of Plaintiff's Complaint contains a cease communications request, but denies that any such request was previously asserted by Plaintiff, prior to this Complaint's filing.

22.     Integrity admits the allegations in Paragraph 22 of Plaintiff's Complaint.

23.     Integrity admits the allegations in Paragraph 23 of Plaintiff's Complaint.

24.     Integrity admits the allegations in Paragraph 24 of Plaintiff's Complaint.

25.     Integrity admits the allegations in Paragraph 25 of Plaintiff's Complaint, for the limited purpose that any message left for Plaintiff by Defendant was fully compliant with all applicable laws.

26.     Integrity admits the allegations in Paragraph 26 of Plaintiff's Complaint.

27.     Integrity admits the allegations in Paragraph 27 of Plaintiff's Complaint.

28.     Integrity admits the allegations in Paragraph 28 of Plaintiff's Complaint.

29.     Integrity lacks sufficient knowledge regarding the allegations in Paragraph 29 of Plaintiff's Complaint, and therefore, denies the same for the present time.

30.     Integrity admits the allegations in Paragraph 30 of Plaintiff's Complaint.

31.     Integrity denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32.     Integrity denies the allegations in Paragraph 32 of Plaintiff's Complaint.

33.     Integrity denies the allegations in Paragraph 33 of Plaintiff's Complaint.

34.     Integrity denies the allegations in Paragraph 34 of Plaintiff's Complaint.

35.     Integrity denies the allegations in Paragraph 35 of Plaintiff's Complaint.

36.   Integrity denies the allegations in Paragraph 36 of Plaintiff's Complaint.

37.   Integrity denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38.   Integrity denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39.   Integrity denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40.   Integrity denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41.   Integrity denies the allegations in Paragraph 41 of Plaintiff's Complaint.

42.   Integrity denies the allegations in Paragraph 42 of Plaintiff's Complaint.

43.   Integrity admits the allegations in Paragraph 43 of Plaintiff's Complaint.

44.   Integrity denies the allegations in Paragraph 44 of Plaintiff's Complaint.

45.   Integrity denies the allegations in Paragraph 45 of Plaintiff's Complaint.

46.   Integrity denies the allegations in Paragraph 46 of Plaintiff's Complaint.

47.   Integrity denies the allegations in Paragraph 47 of Plaintiff's Complaint.

48.   Integrity denies the allegations in Paragraph 48 of Plaintiff's Complaint.

## RESPONDEAT SUPERIOR

49.   Integrity reincorporates its responses to Paragraphs 1 through 48 above, as if fully set forth herein.

50.   Integrity admits the allegations in Paragraph 49 of Plaintiff's Complaint.

51.   Integrity admits the allegations in Paragraph 50 of Plaintiff's Complaint.

52.   Integrity admits the allegations in Paragraph 51 of Plaintiff's Complaint.

53.   Integrity admits the allegations in Paragraph 52 of Plaintiff's Complaint.

54.   Integrity admits the allegations in Paragraph 53 of Plaintiff's Complaint.

55.   Integrity admits the allegations in Paragraph 54 of Plaintiff's Complaint.

56.     Paragraph 55 of Plaintiff's Complaint states a legal conclusion to which to no response is required.  To the extent that a response is required, Integrity lacks sufficient knowledge to admit or deny, and therefore, denies the allegations therein for the present time.

57.     Integrity denies the allegations in Paragraph 56 of Plaintiff's Complaint.

## COUNT I - FDCPA

58.     Integrity reincorporates its responses to Paragraphs 1 through 57 above, as if fully set forth herein.

59.     Integrity denies the allegations in Paragraph 58 of Plaintiff's Complaint.

60.     Integrity denies the allegations in Paragraph 59 of Plaintiff's Complaint and further denies that Plaintiff has any right to relief as requested.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     Defendant Integrity affirmatively states that it maintains thorough training procedures for all employees who participate in collection communications or activities.  Any collection communication or activity, which may have allegedly violated the Fair Debt Collection Practices Act ("FDCPA"), may be subject to a *bona fide error* defense.

3.     Plaintiff's claims may be barred by the applicable statute of limitations.

4.     Plaintiff's claims may be barred by the doctrines of waiver, estoppel and/or laches.

5.     Plaintiff's claims are barred by the doctrine of unclean hands.

6.     Plaintiff's claims are barred by the provisions of the Fair Debt Collection Practices Act.

7.     Plaintiff failed to mitigate damages, if any.

8.     Plaintiff's claims for damages fail as Plaintiff has not been damaged.

9.     Plaintiff's claims are barred and/or reduced by the doctrine of setoff.

10.    Plaintiff's claims are groundless and frivolous.

11.    Defendant reserves its right to amend its Answer to assert additional defenses and/or counterclaims during the course of this litigation.

WHEREFORE, Integrity prays that Plaintiff's Complaint be dismissed with prejudice, for its attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

Dated: August 17, 2010

Respectfully submitted,

FRANKE GREENHOUSE LIST & LIPPITT LLP

s/Stephanie D. Loughner
Stephanie D. Loughner, Atty. Reg. #35472
Granite Building, Second Floor
1228 Fifteenth Street
Denver, Colorado 80202
(303) 623-4500
(303) 623-0960 – Facsimile
Email: sloughner@fgll-law.com
Counsel for Defendant Integrity Financial Partners, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of August, 2010, I electronically filed the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

David M. Larson
405 S. Cascade Ave., Ste. 305
Colorado Springs, CO 80903
larsonlawoffice@gmail.com

s/Stephanie D. Loughner
Stephanie D. Loughner, Atty. Reg. #35472
Granite Building, Second Floor
1228 Fifteenth Street
Denver, Colorado 80202
(303) 623-4500
(303) 623-0960 – Facsimile
Email: sloughner@fgll-law.com
Counsel for Defendant Integrity Financial Partners, Inc.